IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No.: 5:14-cv-16-RLV-DSC

| | |
|---|---|
| CARL WAYNE CARPENTER JR. and NATISHA CARPENTER,<br><br>Plaintiffs,<br><br>v.<br><br>INVESTIGATOR SCOTT EDWARD REED, Statesville Police Department; OFFICER CHARLES KURFEES, Statesville Police Department; CITY OF STATESVILLE, A North Carolina Municipality; COUNTY OF IREDELL, A Political Subdivision of North Carolina; and TOM ANDERSON, Chief of Police, Statesville Police Department,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on "Defendants … Reed and … Kurfees' Motion to Compel Discovery" (document #30), "Defendants' … Motion for Protective Order" (document #32), and "Plaintiffs' Motion to Compel Discovery …" (document #40), as well as the parties' briefs and submissions.

The Court has carefully reviewed the parties' arguments, the authorities and the record. The Court concludes that Plaintiffs have now fully responded to Defendants Reed and Kurfees' discovery requests. For that reason and the other reasons stated in Plaintiffs' briefs, Defendants' Motion to Compel Discovery is denied.

For the reasons stated in Plaintiffs' briefs, the Court concludes that they are entitled to complete responses to all of their discovery requests without objection, exception or limitation except as follows.

For the reasons stated in Defendants' briefs, the Court finds that Plaintiffs' discovery requests seeking responses concerning all police officers employed by Defendant City of Statesville are overbroad. Defendants must respond only as to Defendants Reed and Kurfees. At this stage in the proceedings, Plaintiffs have not demonstrated that they are entitled to responses concerning any other officers. For these reasons, "Defendants' … Motion for Protective Order" (document #32), and "Plaintiffs' Motion to Compel Discovery …" (document #40) are <u>granted in part</u> and <u>denied in part</u>.

If Defendants contend that any personnel files, policy handbooks, investigative reports, records of complaints or other responsive documents are confidential, they should be produced pursuant to a protective order negotiated by the parties. If the parties are unable to agree on a protective order, they should file a motion for entry of protective order along with their respective proposed orders.

If Defendants contend that any documents are covered by the attorney-client privilege or attorney work product privilege, they must serve a privilege log on Plaintiffs and produce the privilege log and copies of the documents to the Court for <u>in camera</u> review.

**NOW IT IS HEREBY ORDERED** that:

1. "Defendants' … Motion for Protective Order" (document #32), and "Plaintiffs' Motion to Compel Discovery …" (document #40) are **GRANTED IN PART** and **DENIED IN PART.** On or before May 16, 2015, Defendants shall serve full and complete discovery responses limited only as stated above.

2. "Defendants … Reed and … Kurfees' Motion to Compel Discovery" (document #30) is **DENIED**.

3. The parties shall bear their own costs <u>at this time</u>.

4. The Clerk is directed to send copies of this order to the parties' counsel; <u>and to the Honorable Richard L. Voorhees</u>.

**SO ORDERED.**

Signed: April 16, 2015

David S. Cayer
United States Magistrate Judge