**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-16**

| | |
|---|---|
| CARL WAYNE CARPENTER, JR. AND NATISHA CARPENTER, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>INVESTIGATOR SCOTT EDWARD REED, OFFICER CHARLES KURFEES, CITY OF STATESVILLE, TOM ANDERSON, )<br>)<br>**Defendants.** )<br>) | **FINAL PRE-TRIAL ORDER** |

**A.     TRIAL DATE**. Trial with a jury is scheduled for the Trial Term beginning September 2015, with Calendar Call on September 8, 2015 at 10:00 A.M.  Jury selection begins on September 9, 2015 at 9:30 A.M.  Opening statements and the remainder of the trial will begin on September 14, 2015 at 9:30 A.M.  The parties estimate that the total time needed for trial will be approximately five days.

**B.     TRIAL SUBPOENAS**. Counsel must subpoena all witnesses <u>at least fourteen (14) days</u> before the day on which the Clerk of Court has set the case for trial.  *See* (Doc. 19).  The Court <u>may</u> elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, <u>may</u> quash subpoenas that have not been issued in compliance with this deadline.

**C.     COUNSEL'S DUTIES PRIOR TO TRIAL**:  <u>At least two full weeks</u> before the day on which the Clerk of Court has set the case for trial, counsel for all parties shall:

(a) Discuss the possibility of a settlement;

(b) Exchange copies of exhibits or permit inspection if copying is impractical;

(c) Number and become acquainted with all exhibits;

(d) Submit copies of all exhibits to the courtroom deputy in a format compatible with JERS (*See* "III, H");

(e) Agree upon the issues, reduce them to writing, and file with the Court. If counsel cannot agree upon the issues, each party is directed to write his/her own version and file it with the Court; and

(f) Agree upon stipulations of fact and file with the court. The parties are encouraged to stipulate to as many facts as possible to facilitate the trial of the case.

**D. COUNSEL'S FILINGS ONE WEEK BEFORE TRIAL**: <u>At least one full week</u> before the day on which the Clerk of Court has set the case for trial, counsel for each party shall file with the <u>Clerk of Court</u> an original and two (2) copies of each of the following:

(a) A trial brief addressing all questions of law and any anticipated evidentiary issues; and

(b) Proposed jury instructions, as described below.

**E. PROPOSED JURY INSTRUCTIONS**: If a jury trial has been requested, all counsel shall submit proposed jury instructions on all substantive legal issues no <u>later than one week</u> before the day on which the Clerk of Court has set the case for trial. Additional proposed instructions may be submitted during the trial as

circumstances may require. Counsel should number each proposed instruction and shall submit each proposed instruction on a separate page. Each proposed instruction <u>must</u> contain a supporting citation(s) as a footnote. A proposed instruction submitted without adequate legal authority may not be considered. Counsel do not need to submit introductory or preliminary boilerplate instructions.

**F.** **JURY VOIR DIRE**: <u>Counsel shall conduct voir dire</u>, subject to the Court's determination of reasonableness and relevance.

**G**. **COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL**: No later than the morning of <u>jury selection</u>, counsel for each party shall file the following:

> (a) A witness list containing the name of every proposed witness;
>
> (b) A statement of the education, experience, and qualifications of each expert witness, unless the parties have stipulated to the qualifications of each expert witness;
>
> (c) Stipulations concerning the authenticity of as many proposed exhibits as possible; and
>
> (d) An exhibit list.

**H**. **PRESENTATION OF EXHIBITS**

Parties are expected to use presentation technology available in the courtroom to display evidence to the jury. Training on the equipment should be arranged well in advance of trial with the courtroom deputy. (*See* "Courtroom Technology" link on the district website at www.ncwd.uscourts.gov.) Counsel shall provide in electronic format any exhibits of documents, photographs, videos, and any other evidence that may be reduced to an electronic file, for the use of

Court personnel and the Court's Jury Evidence Recording System ("JERS") during trial. Documents and photographs shall be in **.pdf**, **.jpg**, **.bmp**, **.tif**, or **.gif** format. Video and audio recordings shall be in **.avi**, **.wmv**, **.mpg**, **.mp3**, **.wma**, or **.wav** format. Each electronic exhibit shall be saved as a separate, independent file, and provided to the Court on a storage device, such as cd, dvd, or flash drive. Exhibit files shall be named consistent with their order and name on the exhibit list. For example:

> Exhibit 1 - photograph of ...
>
> Exhibit 2 - contract
>
> Exhibit 3 - video deposition of ...

If counsel for any party intends to tender more than fifteen (15) documentary exhibits, counsel for that party shall prepare <u>one (1) exhibit notebook, or set of notebooks,</u> for the Court's out-of-court use. Each exhibit notebook, shall contain an index listing all of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit and shall numerically arrange each exhibit notebook, or set of exhibit notebooks.

**I.     ASSESSMENT OF JURY COSTS**:

Whenever a civil action scheduled for a jury trial is settled or otherwise disposed of in advance of the actual trial, the Court may assess all jurors' costs, including Marshal's fees, mileage reimbursement, and <u>per diem</u> fees, equally against the parties or otherwise may determine appropriate assessments unless the Clerk's Office is notified at least one (1) full business day prior to the date on which the action is scheduled for trial or the parties establish good cause why the Court

should not assess jury costs against the parties. When any civil jury trial is settled at trial in advance of the verdict, the Court likewise may make the same assessments unless the parties establish good cause why the Court should not do so.

Signed: August 20, 2015

Richard L. Voorhees
United States District Judge